IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-40422-TLS |
| | ) | |
| ROBERT DEAN GARTNER, | ) | CH. 12 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

This matter was presented to the Court on Debtor's Motion for Permanent Treatment of Claim Under 11 U.S.C. § 1222 (Fil. #162), and an Amended Objection by the United States of America/Internal Revenue Service (Fil. #164). Joe M. Hawbaker appeared for Debtor, and Henry N. Carriger, Special Assistant United States Attorney, appeared on behalf of the United States/IRS ("IRS"). A Stipulation of the parties as to material facts was introduced and made a part of the record (Fil. #170).

The issue in this case is whether 11 U.S.C. § 1222(a)(2)(A) authorizes Debtor to treat the federal income tax in the amount of $6,589.00 (plus accruing penalties and interest) resulting from the post-petition sale of real estate as a general unsecured claim without priority under Debtor's Chapter 12 plan .

Debtor commenced this proceeding on April 18, 2006, under Chapter 13 of the Bankruptcy Code. On September 1, 2006, Debtor sold farmland which resulted in a taxable gain on the sale. The IRS has calculated the federal income tax on that gain to be in the amount of $6,589.00. On September 11, 2006, Debtor converted his Chapter 13 proceeding to a proceeding under Chapter 12.

On February 6, 2007, Debtor filed his Chapter 12 plan which contained a provision to the effect that any claim currently owing or that becomes due and owing to the IRS arising out of the sale of assets used in Debtor's farming operation would be treated under 11 U.S.C. § 1222 as a general unsecured claim not entitled to priority treatment provided Debtor receives a discharge. The IRS objected to that plan, and the parties entered into a Stipulated Order Confirming the Chapter 12 Plan (Fil. #160), under the terms of which Debtor removed the foregoing treatment for the IRS and replaced it with a clause reserving the right to later file a motion for modification of the plan to pursue treatment under 11 U.S.C. § 1222. The parties agreed to that language in order to allow time for Debtor's post-petition tax liabilities to be determined and to allow other cases dealing with this issue to work their way through the courts.

On April 21, 2008, Debtor filed his motion for permanent treatment of claim. In essence, Debtor's motion is a motion to modify his Chapter 12 plan to include a provision that the capital gains taxes resulting from the post-petition sale of the farm real estate be treated as a general unsecured claim and be discharged provided Debtor receives a discharge.

The parties agree that the real estate sold by Debtor was "used in the debtor's farming operation" as stated in 11 U.S.C. § 1222(a)(2)(A) and that the taxes arising upon the sale of that

farmland in tax year 2006 are post-petition capital gains taxes.  At the hearing, the attorney for the IRS agreed that this Court has already addressed the very issue involved in this case.  *See In re Schilke,* 379 B.R. 899 (Bankr. D. Neb. 2007).  In that opinion, this Court found that the post-petition taxes at issue (arising from the sale of farm assets used in debtor's farming operation) are the type of taxes subject to treatment under 11 U.S.C. § 1222(a)(2)(A) as unsecured claims not entitled to priority.  The United States District Court for the District of Nebraska affirmed that decision upon appeal by the IRS.  *United States v. Schilke (In re Schilke),* No. 4:07CV3283, 2008 WL 4224279 (D. Neb. Sep. 9, 2008).[1]  The *Schilke* decision is consistent with decisions by District Courts in Iowa and Arizona.  *In re Knudsen,* 389 B.R. 643 (N.D. Iowa 2008); *In re Hall,* 393 B.R. 857 (D. Ariz. 2008).  There is no contrary authority at this time.  Accordingly, since the IRS acknowledges that the specific issue presented has already been decided by this Court and affirmed by the United States District Court in the *Schilke* case, I will follow that precedent.

IT IS, THEREFORE, ORDERED that Debtor's Motion for Permanent Treatment of Claim Under 11 U.S.C. § 1222 (Fil. #162) shall be treated as a motion to amend the Chapter 12 plan, and is granted.  The claims of the IRS and the Nebraska Department of Revenue arising out of the 2006 sale of farmland by Debtor shall be treated as unsecured claims without priority pursuant to 11 U.S.C. § 1222(a)(2)(A) provided Debtor receives a discharge herein.

DATED:  December 29, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Joe M. Hawbaker
    Henry N. Carriger
    James A. Overcash
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[1] The United States has filed its notice of appeal from the United States District Court to the Eighth Circuit Court of Appeals.